JOSEPH HOOMES made his testament, the 15 day of febrnary, 1782, wherein after sundry devises and bequests, are these words: ‘ i give all the residuum of my estate to he equaly ‘divided between the children'of my uncle Benjamin Hoomes ‘ and my cousin John Hoomes, to them and their heirs forever, ‘ share and share alike.1’
, The testator died in april, 1785.
When the testament was made, Benjamin Hoomes had six children, of whom 'Martha, the mother of the plaintiffs, died about six months before the testator, her father then living.
If the share, to which Martha in the event of her surviving the testatorwould have been intitled, he lapsed, the defendent who was heir of the testator, succ.eded to the heritable parts of the residuary subject; if not, the residuum was divisible in the same manner as it would have been if she had never existed, and the plaintiffs, to whom the surviving children of Benjamin Hoomes have resigned and conveyed their five sixth parts of so much as would have.been the share of their sister Martha, if she had been a surviving child, are intitled to those proportions, that is, five sixth part of one seventh part of the residuum, to recover which this bill was brought against the defendent, who was executor, as well as heir, of the testator.
By the court: •
The terms in the testament of Joseph Hoomes, designating those to whom, with the defendent, the testator devised the residue of his estate, namely, ‘ the children of my uncle Benjamin Hoomes,’ being predicable not less truly of the children only who should be living at the time when the testator should die, than of the children who were living when he made his testament, and neither of those expositions appearing to be decisively favoured by other clauses. in the testament, the court doth prefer the former, because by that the declared intention of the testator, ‘to give all the residuum of his estate,’ and *95 that it should ‘ be equaly divided among the children of his < uncle Benjamin Hoomes, and his cousin John Hoomes, so as ‘ that they should share it alike,’ seems accomplished, in every event, as it would have been by the latter exposition ; whereas by this, in the event, which hath happened, of Martha’s death before the testator, that intention, if some decisions of the english courts be orthodox, would bo contravened ; for part of the residuum would not he given, and the defendant, instead of sharing alike with the children of Benjamin Hoomes, that is, taking so much as each one of them, would take one seventh part more.
Decree for the plaintiffs in October, 1790.